IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD ANTHONY, et al., )
 )
    Plaintiffs, )
 )
    v. ) 1:05CV00806
 )
KOCH INDUSTRIES, INC., et al., )
 )
    Defendants. )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiffs brought this action alleging violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"). Plaintiffs' complaint alleges their former employer, Koch Industries, Inc., its predecessors in interests, and its wholly owned subsidiaries (collectively, "Koch"), and the administrators of Koch's benefits programs, who are all Defendants, violated ERISA when they terminated benefits. Plaintiffs come before this court seeking a preliminary injunction to reinstate those benefits until a judgment on the merits is rendered. For the reasons stated below, the court will deny the preliminary injunction.

I.    **FACTUAL BACKGROUND**

Plaintiffs are retirees of Koch. Plaintiffs claim that agents of Koch and its benefits programs communicated to

Plaintiffs that they had a guaranteed right to company subsidized benefits until age 65. Koch subsidized 80% of medical premiums until age 65. Companies that ran Koch's benefits programs issued a letter on June 17, 2004, stating that some subsidies would terminate on January 1, 2005. Koch did terminate Plaintiffs' benefits on January 1, 2005. On September 15, 2005, Plaintiffs filed this action seeking to have those benefits reinstated, seeking damages for breach of fiduciary duty and a permanent injunction to ensure those benefits continue in the future.

**II. ANALYSIS**

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction. In deciding whether to issue a preliminary injunction, this court must consider four factors: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." L.J. ex rel. Darr v. Massinga, 838 F.2d 118, 120 (4th Cir. 1988), abrogated on other grounds, Suter v. Artist M., 503 U.S. 347, 112 S. Ct. 1360 (1992). "[T]he two most important factors are the likelihood of irreparable harm to the plaintiff . . . and . . . defendant . . . ." Id. It is proper to grant the motion when the balance is in favor of the party seeking the injunction. Id. However, "[t]he importance of probability of success [on the merits] increases as the

2

probability of irreparable injury diminishes." <u>Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.</u>, 550 F.2d 189, 195 (4th Cir. 1977).

Plaintiffs have not shown a danger of irreparable harm. Plaintiffs argue because their insurance assistance is now fully gone, they must now seek other measures to procure insurance, including returning to work, having their spouses return to work, procuring other insurance at an extremely costly price, and foregoing medical treatment. Plaintiffs' arguments, however, are undercut by their delay in bringing this action.

Plaintiffs state in their Reply Brief in Support of Motion for Preliminarily Injunction that "Plaintiffs first found out they would lose the subsidy for their benefits on or after June 17, 2004." Plaintiffs argue their need to exhaust administrative remedies, secure counsel twice (because their first counsel was disbarred), and comply with Federal Rule of Civil Procedure 11's requirements caused the delay. In spite of these explanations, nothing shows why the Plaintiffs waited over a year from learning the benefits would be terminated, and waiting over nine months after Koch actually terminated the benefits, to seek a preliminary injunction on such an important benefit. Because Plaintiffs' delay undercuts their "harm" arguments, the court finds there is no likelihood of harm. <u>See, e.g.</u>, <u>Quince Orchard Valley Citizens Ass'n v. Hodel</u>, 872 F.2d 75, 80 (4th Cir. 1989); <u>Citibank, N.A. v. Citytrust</u>, 756 F.2d 273, 276 (2d Cir. 1985) ("Delay in seeking enforcement of . . . rights, however, tends to

3

indicate at least a reduced need for such drastic, speedy action.").

Plaintiffs also do not convincingly show the harm is irreparable. Plaintiffs mostly point to the costs Plaintiffs will incur in seeking new insurance. Such costs are mostly monetary, compensable, and thus reparable through issuance of a damages award if they succeed on the merits. Plaintiffs do not show that Defendants would not pay a judgment. Plaintiffs further argue that some harm, such as emotional distress from finding new insurance or forgoing coverage, is irreparable. Plaintiffs' delay, however, in bringing this action undercuts the severity of these harms. Plaintiffs have shown no likelihood of irreparable harm if the court were not to issue the injunction.

No facts show a strong likelihood of harm to Koch if the injunction were issued. Koch is a multibillion dollar company, while the cost of the subsidy is minimal in comparison. Thus, the harm of the injunction would be minimal. Defendants also argue administration difficulties would arise with this injunction, but none of those arguments are convincing.

Plaintiffs have also not shown a likelihood of success on the merits. Plaintiffs argue they are entitled to these benefits because they were subject to an informal ERISA plan that granted them these rights. Alternatively, Plaintiffs argue they are entitled to these benefits because of the affirmative misrepresentations of Koch as to plan benefits. Defendants,

4

however, argue that Plaintiffs are subject to a formal ERISA plan, a plan that grants Koch the right to amend the plan and terminate benefits. Both parties support with case law, and at this phase, all arguments seem to have merit. Plaintiffs, however, do not show this court how it is likely they would defeat Defendants' arguments on the merits such that this court could grant a preliminary injunction.

Finally, neither party convincingly shows the public has an interest in granting or denying the preliminary injunction. Plaintiffs argue the public has an interest in not allowing employers to mislead employees about benefits in violation of ERISA. Defendants argue the public has an interest in having ERISA upheld. Both arguments are too generalized for this court to adopt. Arguments claiming a general public interest in having the law upheld are available in nearly every preliminary injunction motion and were this court to adopt such reasoning, this element would be meaningless.

Thus, the court finds while a preliminary injunction would not harm Defendants, Plaintiffs have not shown irreparable harm, a likelihood of success on the merits, or any public interest. For these reasons, the court will deny Plaintiffs' motion.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Preliminary Injunction [5] is DENIED.

This the 25th day of November 2005.

                                             /s/ William L. Osteen
                                          United States District Judge